UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 1 2 2008 ★

BROOKLYN OFFICE

STARWOOD HOTELS & RESORTS
WORLDWIDE, INC., and

THE SHERATON LLC,

                Plaintiffs,

v.

YISONGTING HOTEL,
JUNLIANG YAO,
XUANHAO JIN, and
LIN HU JIN,

                Defendants.

08-CV-3457 (JG) (RER)

## CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS YISONGTING HOTEL AND LIN HU JIN

    Plaintiffs Starwood Hotels & Resorts Worldwide, Inc. and The Sheraton LLC (together, "Starwood") and Defendants Yisongting Hotel and Lin Hu Jin (collectively and individually, the "Defendants"), having settled this action on the terms and conditions stated herein, hereby STIPULATE and AGREE as follows:

    1.    This is an action for: (i) service mark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) service mark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (iv) deceptive acts and practices under Section 349 of the New York General Business Law; (v) dilution and likelihood of injury to business reputation under Section 360-*l* of the New York General Business Law; (vi) common law service mark

infringement; (vii) common law unfair competition; and (viii) common law unjust enrichment. This Court has personal jurisdiction over the parties to this action and over the subject matter hereof pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), and 15 U.S.C. § 1121, and venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c).

2. Starwood, through its affiliate The Sheraton LLC ("Sheraton"), owns and operates the world-famous SHERATON® hotels and resorts. From 1928 until the present, Sheraton, its predecessors, and affiliates have continuously used the SHERATON® service marks in the United States and throughout the world. Since at least as early as 1969, Sheraton, its predecessors, and affiliates have continuously has used the S and Wreath Design -- a letter "S" almost completely enclosed by a stylized wreath design depicted below -- in association with its SHERATON® hotels:



(hereinafter, the "S and Wreath Design"). As a result of decades of continuous and exclusive use of the S and Wreath Design in association with its SHERATON® hotels and resorts, the S and Wreath Design has become synonymous with the SHERATON® mark and has independently come to signify the high quality of services associated with Starwood and its hotels and resorts.

3. The S and Wreath Design service mark that is the subject of this action is famous and distinctive. Starwood and its predecessors in interest have developed rights in this mark through decades of extensive and continuous use, and have enhanced their rights through obtaining numerous federal service mark registrations consisting of or incorporating the S and Wreath Design mark, including U.S. Registration Nos. 1,847,086; 956,964; and 891,095. Copies of the registration certificates issued by the U.S. Patent and Trademark Office for these marks are attached as Exhibit A to the Complaint filed with this Court on August 22, 2008.

4. In the Complaint, Starwood alleged that Defendants used the S and Wreath Design in connection with the marketing, advertisement, promotion, and sale of the Yisongting Hotel's services in a manner that would mislead consumers into thinking that Starwood owns and operates the Yisongting Hotel, or that the Yisongting Hotel is Starwood's franchisee. Furthermore, Starwood alleged that Defendants' use of the S and Wreath Design is likely to cause consumers falsely to believe that Defendants are affiliated, connected, and/or associated with Starwood and/or that Starwood otherwise approves of, sponsors, or licenses Defendants' hotel and their services. In particular, Starwood complained that Defendants prominently used the S and Wreath Design on their website, www.51nymotel.com, without permission to do so. *See* Exhibit B to the Complaint. Starwood asserted that Defendants' actions constituted, *inter alia*, violations of Starwood's service mark rights.

5. Since the filing of Starwood's Complaint, the parties have agreed to a full and final settlement of this action as contained herein and the parties have agreed to the entry of this Consent Judgment and Permanent Injunction.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Starwood shall have judgment against Defendants for Defendants':

    a. violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

    b. violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    c. violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

    d. deceptive acts and practices under Section 349 of the New York General Business Law;

    e. dilution of Starwood's marks in violation of Section 360-l of the New York General Business Law;

    f. service mark infringement under the common law of the State of New York;

    g. unfair competition in violation of the common law of the State of New York; and

    h. unjust enrichment in violation of the common law of the State of New York.

2. Defendants, their officers, employees, representatives, agents, servants, successors, assigns, licensees, affiliates, attorneys, and any successors in interest, as well as any person or entity acting under their direction or control or in active concert or participation with them, are IMMEDIATELY and PERMANENTLY ENJOINED from:

    a. making any present or future use of the S and Wreath Design or any other marks or names or logos confusingly similar thereto in

connection with any goods or services, including, without limitation, any design with a wreath;

b. doing any act likely to induce the mistaken belief that Starwood provides the services offered by Defendants or that Defendants are Starwood's licensees or franchisees or are otherwise authorized by Starwood;

c. doing any act likely to induce the mistaken belief that Defendants are affiliated, connected, and/or associated with Starwood and/or that Starwood otherwise approves of, sponsors, or licenses Defendants and their services; and

d. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein.

3. Defendants shall post corrective notices disclaiming any affiliation with Starwood or its hotels on Defendants' www.51nymotel.com website in a form previously agreed upon by the parties to acknowledge Defendants' violations of the law, and to ameliorate the false and deceptive impressions produced by such violations.

4. Defendants shall pay Starwood $5,500 for the damages (in the form of attorneys' fees) sustained by Starwood as a result of Defendants' intentional acts enumerated in the Complaint. Defendants shall make this payment in 11 bimonthly installments of $500.00 each, in the form of checks made payable to Starwood Hotels &

Resorts Worldwide, Inc. Defendants shall send each payment to the attention of Ainslee Schreiber, Esq., at the following address:

> Ainslee Schreiber, Esq.
> Senior Director and Associate General Counsel
> Starwood Hotels & Resorts Worldwide, Inc.
> 1111 Westchester Avenue
> White Plains, New York 10604
> phone 914.640.1889I fax 914.640.2650 I
> ainslee.schreiber@starwoodhotels.com

5. This Court shall retain jurisdiction to enforce this Consent Judgment and Permanent Injunction. If Defendants are alleged to have breached the terms of this Consent Judgment and Permanent Injunction (including but not limited to breaching Section 2 herein), Starwood shall have the right to reopen this matter upon motion filed. If this matter is reopened, Starwood may pursue any and all remedies it may have against Defendants, including, without limitation, damages, injunctive relief, attorneys' fees, and costs.

6. Each of the parties acknowledges that it has had the benefit of the advice of counsel, or that it has had the opportunity to and declined to obtain the benefit of the advice of counsel, and that it is entering into this Consent Judgment and Permanent Injunction freely and voluntarily. Defendants acknowledge that they have received, read and understand a Chinese language translation of this Consent Judgment and Permanent Injunction.

7. Starwood shall be granted all such writs and processes as are necessary or proper for the enforcement of this Consent Judgment and Permanent Injunction.

8. All claims asserted in this action not expressly addressed herein are hereby dismissed without prejudice.

IT SO ORDERED:

s/John Gleeson
_____
U.S.D.J.

Dated: November 10, 2008
—

The individuals executing this Consent Judgment and Permanent Injunction represent and confirm that they are duly authorized to do so, and are similarly authorized to bind each of the signatories hereto.

CONSENTED TO:

Starwood Hotels & Resorts Worldwide, Inc. and The Sheraton LLC

By Their Attorneys,

Arnold & Porter LLP

By: ✗
———————————————
Eleanor M. Lackman
Anthony D. Boccanfuso
399 Park Avenue
New York, New York 10022-4690
Telephone: (212) 715-1000
Facsimile: (212) 715-1399

Lin Hu Jin

By: ✗
———————————————
Lin Hu Jin, on his own behalf
132-42 41st Avenue 1st Floor
Flushing, New York 11355
(347) 668-3450
(718) 300-1638

Yisongting Hotel

By: ✗
———————————————
Lin Hu Jin
Principal
Yisongting Hotel
132-42 41st Avenue 1st Floor
Flushing, New York 11355
(347) 668-3450
(718) 300-1638

*The copy submitted to the Court bears all three signatures (see docket entry #7).*

s/John Gleeson

11-10-08

- 8 -